# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| DELILA PACHECO, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. CIV 16-450-RAW-KEW |
| ABOUTANAA EL HABTI, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner has filed an amended motion for leave to file a supplemental brief, requesting to enlarge her habeas petition to include a claim that the state court lacked jurisdiction to charge, try, and convict her in Cherokee County District Court Case No. CF-2013-535 (Dkt. 23).[1] She alleges that because she is a Native American, her crime occurred on Indian land, and the victim was an Indian, she is entitled to habeas relief under *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. 2017), *modified on denial of reh'g en banc*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, 138 S.Ct. 2026 (2018).

Petitioner first presented this claim to the Cherokee County District Court in an application for post-conviction relief, which was denied. The Oklahoma Court of Criminal Appeals affirmed the denial, finding the post-conviction application was premature because the *Murphy* ruling was pending. *See Pacheco v. State*, No. PC-2018-129, slip op. at 2-3

---

[1] Petitioner's original motion for leave to file supplemental brief (Dkt. 18) was stricken after she filed an amended motion for leave to file supplemental brief (Dkt. 23). *See* Dkt. 25.

(Okla. Crim. App. June 15, 2018).[2]

As an initial matter, the Court notes that *Murphy* still is not settled law under 28 U.S.C. § 2244(b)(2), because the case is pending before the United States Supreme Court. It, therefore, cannot be the basis for a new habeas corpus claim. Furthermore, as set forth below, Petitioner's motion to supplement the petition is untimely.

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Fed. R. Civ. P. 15(a)(2), a "court should freely give leave" to amend pleadings "when justice so requires." A state prisoner, however, ordinarily has only one year from the date her conviction became final to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). When a state prisoner seeks leave to amend her habeas petition after the expiration of that one-year limitation period, Rule 15(c)'s provisions governing the relation back of amendments come into play.

Generally, an amendment can relate back to the original filing date if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). With respect to amendment of a habeas petition, however, the Supreme Court has determined that "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time

---

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). That the new ground for relief is related to the petitioner's trial and conviction is, by itself, insufficient. *Id.* Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659 (citations omitted).

Here, Petitioner timely filed her federal habeas petition on October 17, 2016 (Dkt. 1). Her original motion to supplement the petition (Dkt. 18), however, was filed more than three years later on November 6, 2019, well beyond the AEDPA's one-year limitation period expired. Thus, leave to amend should not be granted unless "a common 'core of operative facts' unit[e] the original and newly asserted claims." *Felix*, 545 U.S. at 659. The Court finds it is clear that the newly-asserted claim does not share any common facts with Petitioner's original claims concerning (1) sufficiency of the evidence and (2) ineffective assistance of counsel. Instead, Petitioner's newly-asserted claim alleges she is entitled to habeas relief because "the Indian Major Crimes Act gives jurisdiction to the Federal Courts and not to the State Courts" (Dkt. 23 at 2).

After careful review, the Court finds Petitioner's proposed supplemental claim does not share any common facts with her original claims. The proposed claim is instead "supported by facts that differ in both time and type from those the original pleading set forth." *Felix*, 545 U.S. at 650.

**ACCORDINGLY,** Petitioner's amended motion for leave to file a supplemental brief

(Dkt. 23) is DENIED.

**IT IS SO ORDERED** this 16th day of January 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma